UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNITED STATES OF AMERICA,                     :
                                              :
        -against-                             :      SHORT FORM
                                              :      MEMORANDUM & ORDER
NICHOLAS WASHINGTON,                          :
                                              :      14-CR-266 (S-1) (ENV)
                                Defendant.    :
-------------------------------------------------------------- x

VITALIANO, D.J.

       Jury selection in this case is scheduled to start on January 22, 2019.  In addition to

defendant Nicholas Washington's pre-trial motions for severance and suppression, the

government has filed a motion *in limine*.  Having considered the submissions of the parties and

the arguments of counsel at the hearing on January 11, 2019, the motions are resolved in the

manner and for the reasons set forth below.

| Motion | Ruling |
|--------|--------|
| Defendant's Pre-Trial Motions ||
| (A) Pursuant to Federal Rule of Criminal Procedure 14(a),[1] defendant moves to sever Counts Five (felon in possession of ammunition) and Six (attempted | (A) Rule 14(a) empowers courts to order separate trials, "or provide any other relief that justice requires," when "consolidation for trial appears to prejudice a defendant or the government."  The burden for a Rule 14(a) severance is heavy; a defendant seeking to sever counts |

---

[1] The motion is purportedly brought pursuant to Rule 12(b)(3)(B)(iv) but seeks the type of relief afforded by Rule 14(a).

obstruction of an official proceeding) (collectively, the "non-murder counts") from Counts One through Four (the "murder counts"), essentially making a spillover prejudice argument. Defendant contends that the six counts are not alleged to be a part of a series of acts or transactions connected together in a common scheme or plan, or of the same or similar character, and, therefore, together improperly joined or, at least, that, if proper, joinder is unfairly prejudicial. Def. Mot. at 3. He further argues that, although the indictment charges that the underlying racketeering enterprise was still continuing, joinder is prejudicial because the murder counts relate to events occurring at least ten years before the events relating to

that are properly joined under Rule 8(a) must prove that "the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011). Put another way, "[a] defendant seeking severance under Rule 14 bears an extremely difficult burden of proving . . . that the prejudice would be so great as to deprive him of his right to a fair trial." *United States v. Rivera*, 89 F. Supp. 3d 376, 398 (E.D.N.Y. 2015) (citations and internal quotation marks omitted). Determining whether such prejudice exists "is highly fact-specific and must be evaluated on a case-by-case basis." *Id.* (citation omitted). That said, "the decision of whether to sever a trial is committed to the sound discretion of the district court." *Id.* (citing *United States v. Wilson*, 11 F.3d 346, 353 (2d Cir. 1993)). Additionally, the Second Circuit has "rejected the notion that the fact of a prior felony conviction is so prejudicial that it necessarily precludes a fair trial." *United States v. Page*, 657 F.3d 126, 129–30 (2d Cir. 2011) (affirming district court's denial of severance of felon in possession of firearm count from

the non-murder counts, Def. Mot. at 4, and that the jury will "carry[ ] over the murder evidence" to the other two counts "and vice versa." Def. Mot. at 7.

narcotics counts).

This is especially true for RICO cases, like the instant action, where evidence of patterns or practices of criminal conduct are required to prove the existence of a racketeering enterprise. There is thus an inexorable link here between the murder counts and both the felon in possession of ammunition count, which conduct tends to prove the existence of the RICO enterprise, and the attempted obstruction count, which relates to the grand jury investigation of the murder counts.

As to Count Five, much of the same evidence the government expects to introduce – the testimony of a police officer and detective and defendant's post-arrest statements – is also admissible to prove Count Six. Gov't Opp. at 11. And proof of defendant's prior convictions is admissible to prove the existence of the enterprise that underpins the murder counts. *Cf. United States v. Mejia*, 545 F.3d 179, 206 (2d Cir. 2008) (discussing Second Circuit's "inclusionary approach" to

admitting prior act evidence, including to show the existence of a RICO enterprise).

As to Count Six, defendant is alleged to have attempted to obstruct the grand jury proceeding that returned the murder counts. Gov't Opp. at 9. Severance of that count from the remaining counts is therefore unwarranted here. *See United States v. Vertuccio*, Dkt. No. 111, No. 15-cr-174 (ENV) (citing *United States v. Potamitis*, 739 F.2d 784, 791 (2d Cir. 1984) ("The law in this circuit clearly supports the joinder of underlying substantive crimes with perjury counts where, as here, the false declarations concern the substantive offenses.")) (obstruction charges appropriately included in indictment when alleged interference related to grand jury investigation of the indictment's other charges); *see also United States v. Butler*, No. S104 CR.340(GEL), 2004 WL 2274751, at *4 (S.D.N.Y. Oct. 7, 2004) ("Courts have repeatedly recognized the appropriateness of trying perjury or obstruction charges together with the underlying crimes to which the perjury relates, where proof of the alleged perjury requires proof of knowledge of the underlying crime.").

Perhaps most important, evidence of the ongoing enterprise is directly relevant to both counts. The existence and operation of the enterprise bears not only on the murders, but also on a continuing practice of criminal conduct that included, *inter alia*, the unlawful possession of ammunition and the attempted obstruction of a grand jury proceeding. That distinguishes this case from *United States v. Jones,* 16 F.3d 487 (2d Cir. 1994), which defendant cites and in which the sole purpose for the government's introduction of a prior felony conviction was to satisfy that element of being a felon in possession of a firearm. Here, based on the government's presentations, the Court agrees that evidence relating to the felon in possession of ammunition count is admissible as proof of the existence of the enterprise.

Nor is it required that the government alter its case presentment by accepting a proposed stipulation with respect to Count 5, as proposed by Washington. *See United States v. Gilliam*, 994 F.2d 97, 101 (2d Cir. 1993) ("Where the potentially prejudicial evidence directly

| | |
|---|---|
| | establishes an element in the case, we have not allowed the defendant to stipulate to that element in order to bar the evidence."); *United States v. Gantzer*, 810 F.2d 349, 351 (2d Cir. 1987) ("A party is not obliged to accept an adversary's 'judicial admission' in lieu of proving the fact, particularly in the context of a criminal prosecution where the accused seeks to stipulate to an element of the crime charged.") (internal citation omitted).<br><br>Accordingly, joinder of the six counts is proper. Washington's motion to sever, therefore, is denied. |
| (B) Washington moves to suppress the out-of-court and in-court identifications of him by a witness. Relatedly, he requests a *Wade* hearing to determine if the out-of-court lineup was unduly suggestive. | (B) "A defendant may not baldly request a *Wade* hearing; rather he must allege facts supporting his contention that the [challenged] identification procedures used were impermissibly suggestive." *United States v. Berganza*, No. S(4) 03 CR. 987(DAB), 2005 WL 372045, at *10 (S.D.N.Y. Feb. 16, 2005).<br><br>Faltering at the starting gate, Washington offers nothing more than a naked and completely unsubstantiated allegation of impropriety. Other than his complaint that the lineup procedures were "unduly suggestive," Def. Mot. at 14, defendant offers not a shred of proof that |

anything impermissible occurred. Instead, Washington merely contends that "the police officer who presented the lineup" knew of him and that this was improper. Def. Mot. at 12. His inability to articulate how the lineup was suggestive is especially deafening, given that he was provided with the photographs of the lineup and a record of the procedures that guided it. Gov't Opp. at 19. In the absence of a rudimentary showing that the lineup was unduly suggestive, Washington's motion to suppress and for a *Wade* hearing is denied. Any issue as to the accuracy or credibility of the identifications can be raised at trial through cross-examination.

Government's Motion *in Limine*

| | |
|---|---|
| (C) The government moves to admit evidence of certain categories of defendant's prior criminal conduct on the ground that they prove the existence of the racketeering enterprise and drug trafficking conspiracy that underpin the murder counts, or alternatively, to introduce them as | (C) "[E]vidence of uncharged crimes committed by members of [a racketeering] enterprise" may be admitted to prove "the existence of a criminal enterprise in which the defendants participated." *United States v. Mejia*, 545 F.3d 179, 206 (2d Cir. 2008). Additionally, "evidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the |

| | |
|---|---|
| "crimes, wrongs, or other acts" pursuant to Federal Rule of Evidence 404(b). | evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). Separately, Federal Rule of Evidence 404(b) permits the introduction of uncharged crimes or other acts for purposes such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." |
| | At the same time, Federal Rule of Evidence 403 permits the Court to exclude such admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." |
| (1) Evidence other than recorded telephone calls, including evidence of assaults, conspiracy to murder, drug trafficking and firearms, as well as prior criminal convictions | (1) Acts of other criminal conduct may be admitted for the purpose of proving the existence of the racketeering enterprise and drug trafficking conspiracy that form the basis of the murder counts. Defendant raises questions as to whether *all* of these acts relate to either the existence of enterprise or defendant's membership in the enterprise, *see* Def. Opp. at 4, but the government has |

sufficiently linked each category of prior criminal conduct with the operations of the charged enterprise. *See generally* Gov't Mot. at 1-10. Likewise, all of these acts are "inextricably intertwined" with the enterprise that underpins the murder counts. *See United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997). As a result, they are not "other acts" subject to Rule 404(b) but rather direct evidence of the crimes charged in the indictment.

Additionally, evidence of defendant's prior criminal convictions is admissible to prove the existence of the racketeering enterprise at the heart of this prosecution. The convictions are relevant to prove the elements of Count Five and are "inextricably intertwined with the evidence regarding" the remaining counts; namely, the existence of the enterprise and defendant's alleged membership in the enterprise. *Carboni*, 204 F.3d at 44. Any prejudice to defendant does not "substantially outweigh" the probative value of the convictions' introduction into evidence. *See* Fed. R. Evid. 403; *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986) (evidence of prior crimes admissible "to complete the story of the crimes charged").

| | |
|---|---|
| | Washington's only legitimate objection concerns whether the proposed evidence will be cumulative. At this point, based on the parties' filings and oral argument, and in light of the representation that the vast majority of the government's proposed evidence is confined to acts occurring between 2004 and 2006, cumulativeness is not readily apparent but is still not beyond the pale. Any ruling on cumulativeness, therefore, is reserved for trial. |
| (2) Ten recorded telephone calls between defendant and a cooperating witness | (2) In a series of 10 recorded telephone conversations (all occurring after the murders charged in the indictment), defendant and a cooperating witness make several admissions and statements relating to the operations of the enterprise. In short, the government has the recorded testimony of an individual who, at the time, had an interest in the topic of conversation because he was then still a member of the charged enterprise. The conversations tend to prove that a racketeering enterprise existed and continued and that both defendant and the cooperating witness were members of the enterprise. |

The calls, plainly, are admissible as an exception or exclusion to the general prohibition against hearsay. Washington's statements are admissible as an opposing party statement. *See* Fed. R. Evid. 801(d)(1)(A). The cooperating witness' statements are admissible as those of a co-conspirator whose statements were made "in furtherance of the conspiracy." *See* Fed. R. Evid. 801(d)(2)(E). For this latter exception to apply, "the court must find (1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy." *United States v. Tracy*, 12 F.3d 1186, 1196 (2d Cir. 1993). The government's reply submission and the attached telephone call transcripts demonstrate, by a preponderance of the evidence, that all of these elements are satisfied. Calls one through four "clearly demonstrate the ongoing nature of the[ ] drug-trafficking conspiracy," and calls five through ten include statements that are evidence of defendant's consciousness of guilt. Gov't Reply at 3. In any event, regardless of the status of the other party to a conversation containing an admission, that party's

statements are admissible to provide completeness and context to the admission, *see United States v. Barone*, 913 F.2d 46, 49 (2d Cir. 1990), and thus Rule 801(d)(2)(A) likewise applies to the cooperating witness' statements. Finally, statements in the telephone calls concerning the status of the government's investigation go to the heart of the attempted obstruction count. *See United States v. Martinez*, 862 F.3d 223, 237 (2d Cir. 2017) ("[T]he government must prove that such a proceeding was reasonably foreseeable to the defendant.").

Defendant has, once again, failed to demonstrate that the prejudice he would suffer through introduction of these phone calls would substantially outweigh the statements' probative value.

Accordingly, to the extent indicated in this short form order, the government's motion for the admission of these conversations and other evidence proffered *in*

| | *limine* is granted.[2] |
|---|---|

So Ordered.

Dated: Brooklyn, New York
      January 15, 2019

/s/ Hon. Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

---

[2] At oral argument, counsel referenced the likely need for cautionary instructions as evidence is admitted at trial. To date, none have been submitted. If either party is seeking such an instruction, they are directed to submit their proposed instruction, identifying the evidence to which it is intended to apply, by the close of business on January 18, 2019.